In the

# United States Court of Appeals

### For the Seventh Circuit

———————

No. 18-3392

EMMIS COMMUNICATIONS CORPORATION,

*Plaintiff-Appellee,*

*v.*

ILLINOIS NATIONAL INSURANCE COMPANY,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cv-89 — **William T. Lawrence**, *Judge.*

———————

ARGUED MAY 30, 2019 — DECIDED JULY 2, 2019

———————

Before FLAUM, MANION, and BARRETT, *Circuit Judges.*

BARRETT, *Circuit Judge.* Emmis Communications Corporation bought two insurance policies, each from a different provider. From Chubb Insurance Company, it purchased a directors-and-officers liability policy for the period of October 1, 2009, to October 1, 2010. Emmis later bought a second insurance policy, this time from Illinois National Insurance Company. This policy covered liability from October 1, 2011, to

October 1, 2012. It had an exclusion for any losses in connection with "Event(s)," which included "[a]ll notices of claim of circumstances as reported under policy 8181-0068 issued to Emmis Corporation by Chubb Insurance Companies."

In 2012, Emmis tried to gain control of enough of its shares to go private. Three shareholders filed an action to stop Emmis's effort. Emmis, through its broker, reported this suit to Chubb. It also sought coverage under the Illinois National policy. Illinois National refused coverage, so Emmis sued, seeking damages for breach of contract and breach of the duty of good faith and fair dealing.

Both parties sought summary judgment—Emmis arguing that coverage was appropriate, and Illinois National arguing that the policy's complex exclusion provisions prevented coverage. Among the disputes was the meaning of "as reported." Illinois National argued that this provision excluded all notices that were reported to Chubb *at any time*—which of course would include the notice in dispute. Emmis, on the other hand, claimed that it excluded only those notices that had been reported *at the time that the policy went into effect*—two years before this notice was reported.

The district court entered summary judgment for Emmis on its claim for breach of contract. It rejected each of Illinois National's theories under the language of the exclusion, including its interpretation of the "as reported" language. It concluded that, while both interpretations were reasonable, Emmis's was better. The court thought that the past tense of "as reported" must "refer[] to events that had already occurred at the time of drafting." It bolstered its holding by invoking the rule favoring coverage when multiple reasonable

readings of an insurance policy might apply. *See Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009).

On appeal, the parties briefed many legal issues arising from the Byzantine exclusion language. But we can resolve this case on a single issue: the meaning of "as reported." We disagree with the district court's opinion; Illinois National's proposed interpretation is correct. The phrase has no discernable temporal limitations. Once Emmis or one of its agents reports a claim to Chubb, at any time, then that claim is "reported"—and so is excluded. The timing of the report is irrelevant. Emmis acknowledged in its brief that it did in fact report its claim to Chubb. That resolves our inquiry.

The exclusion applies, so summary judgment should have been entered in favor of Illinois National. The judgment of the district court is REVERSED and REMANDED for proceedings consistent with this opinion.